MEMORANDUM **
Daivy Kojongian, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ order dismissing her appeal from an immigration judge’s decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.
Substantial evidence supports the agency’s finding that Kojongian’s experiences did not rise to the level of past persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003). In addition, Ko-jongian failed to demonstrate a well-founded fear of future persecution because, although she is a member of a disfavored group, she did not demonstrate the requisite individualized risk of persecution. Cf Sael v. Ashcroft, 386 F.3d 922, 927 (9th Cir.2004). Further, this record does not establish the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Chinese Christian Indonesians. See Lolong v. Gonzales, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (en banc). Finally, the agency did not err in considering Kojongian’s parents’ and brother’s continued residence in Indonesia because they are similarly situated and have not experienced harm. See Hakeem v. INS, 273 F.3d 812, 816 (9th Cir. 2001). Accordingly, Kojongian’s asylum claim fails.
Because Kojongian failed to demonstrate eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence also supports the agency’s determination that Kojongian is not entitled to CAT relief because she failed to establish that it is more likely than not that she will be tortured if she returns to Indonesia. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.